UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY L. CHARLES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:17-cv-2332-WTL-MPB ) |
| IC SYSTEM, | ) ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on Defendant I.C. System, Inc.'s ("I.C. System") motion to dismiss (Dkt. No. 7). The Plaintiff did not respond to the motion, and the time for a response has passed. For the reasons explained below, the Defendant's motion is **GRANTED**.

### I. BACKGROUND

I.C. System removed this lawsuit from state court in Morgan County, Indiana. The Plaintiff alleges that "IC Systems . . . has made a false claim on my credit report and has continu[ou]sly ha[]rassed me over a bill not owed." Dkt. No. 1-1 at 2. He states that his claim is for "Harrassment [sic]/False Credit Reporting/Intimidation." *Id.* He makes no further allegations.

### II. RULE 12(b)(6) STANDARD

In reviewing a motion pursuant to Rule 12(b)(6), the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff," *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012), and determine whether the complaint provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*,

551 U.S. 89, 93 (2007)) (omission in original). The Court "first identifies the well-pleaded factual allegations by discarding the pleadings that are 'no more than conclusions.'" *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Roberts v. City of Chicago*, 817F.3d 561, 564-65 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Legal conclusions or bare and conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678, 680.

### III.  **DISCUSSION**

Although the Plaintiff does not explicitly plead a claim for a violation of the Fair Credit Reporting Act ("FCRA"), I.C. System contends that he alleges facts suggesting such a violation. *See* Dkt. No. 7. The Plaintiff alleges that I.C. System "made a false claim on my credit report." Dkt. No. 1-1 at 2. However, that claim is not one "upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Making a false report to a credit reporting agency may violate FCRA, but as I.C. System notes, the section of FCRA governing such violations, section 1681s-2(a), does not provide consumers with a private right of action. *See* 15 U.S.C. § 1681s-2(c)(1); *see also Purcell v. Bank of America*, 659 F.3d 622, 623 (7th Cir. 2011). As the Seventh Circuit has explained:

> Section 1681s-2(c)(1) provides that the portions of [FCRA] allowing awards of damages to private parties do not apply to claims under subsection (a). That leaves enforcement in the hands of state and federal agencies under § 1681s and § 1681s-2(d).

*Purcell*, 659 F.3d at 623. There is no private right of action for claims arising under section 1681s-2(a), and as a result, the Plaintiff has failed to state a claim upon which relief can be granted.[1]

Further, any state-law claims relying on the fact that I.C. System made a false claim on the Plaintiff's credit report are preempted by 15 U.S.C. section 1681t(b)(1)(F), which provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." In relevant part, 15 U.S.C. section 1681s-2 provides that those who furnish credit information to credit reporting agencies "not furnish any information relating to a consumer . . . if the person knows or has reasonable cause to believe that the information is inaccurate" or if "the person has been notified by the consumer . . . that specific information is inaccurate; and . . . the information is, in fact, inaccurate." The Plaintiff's claims for harassment and intimidation that rely on the fact that I.C. System "made a false claim on [his] credit report" relate to a matter regulated under section 1681s-2 and thus are preempted by section 1681t(b)(1)(F).[2] Accordingly, as a matter of law, such claims also fail to state a claim upon which relief may be granted.

In addition to the FCRA and state-law claims expressed above, the Court notes that the Plaintiff could be alleging a claim under the Fair Debt Collection Practices Act ("FDCPA") and

---

[1] I.C. System notes that consumers may bring claims for violations of section 1681s-2(b) when a furnisher of information fails to conduct a reasonable investigation into potential errors after receiving notice that it has been providing inaccurate information to a credit reporting agency. Dkt. No. 8 at 6. As I.C. System points out, however, "the complaint does not allege that . . . I.C. System failed to conduct a reasonable investigation after being notified of the dispute." Dkt. No. 8 at 7. Because the complaint does not allege any facts supporting a claim under section 1681s-2(b), the Plaintiff has not alleged such a claim.

[2] Any possible state-law claims relying on the Plaintiff's allegation that I.C. System continuously harassed him over a bill not owed are not preempted by FCRA.

3

related state-law claims. The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Given that the Plaintiff complains that I.C. System "has continu[ou]sly ha[]rassed [him] over a bill not owed," it appears to the Court that the Plaintiff has plead at least some facts supporting a violation of the FDCPA.[3] Dkt. No. 1-1 at 2. I.C. System does not address such a legal theory in its motion to dismiss.

"A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, (7th Cir. 2013) ("[T]he pleading standards for pro se plaintiffs are considerably relaxed."). "A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011); *see also Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017) ("The Federal Rules of Civil Procedure do not require a plaintiff to plead legal theories.") (quotation omitted). Due to the dearth of facts alleged by the Plaintiff, he

---

[3] 15 U.S.C. Section 1692d provides as follows:
A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency . . . .
(4) The advertisement for sale of any debt to coerce payment of the debt.
(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

has not sufficiently stated a claim. However, the Plaintiff is entitled to an opportunity to file an amended complaint that includes additional factual allegations supporting such a claim and any related state-law claims. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation and citation omitted).

## IV. CONCLUSION

For the reasons set forth above, I.C. System's motion to dismiss (Dkt. No. 7) is **GRANTED**. **If the Plaintiff wishes to continue with this lawsuit, he shall file an amended complaint within 28 days from the date of this Entry.** The amended complaint shall set forth facts sufficient to explain the bases for the claims the Plaintiff wishes to pursue, consistent with the Court's discussion above. In other words, the Plaintiff should describe how I.C. System allegedly harassed him and when the harassment occurred. Should he pursue further action, the Court encourages the Plaintiff to seek the assistance of counsel. The failure to timely file an amended complaint will result in final judgment being entered against the Plaintiff in this case.

SO ORDERED: 1/16/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by Mail to:**

**Jeffrey L. Charles**
**1238 Josephine St.**
**Martinsville, IN 46151**

Copies to all counsel of record via electronic notification

5